

# MOULTON BELLINGHAM PC
## ATTORNEYS

27 North 27th Street
Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559

Phone (406) 248-7731
Fax (406) 248-7889

Adam J. Tunning
Adam.Tunning@moultonbellingham.com

September 24, 2021

**VIA EMAIL and U.S. MAIL**

Stamatios Stamoulis
Stamoulis & Weinblatt LLC
800 N. West Street – Third Floor
Wilmington, DE 19801
stamoulis@swdelaw.com

Tancred Schiavoni
Daniel Shamah
O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537
tschiavoni@omm.com
dshamah@omm.com

      **RE:**    Case No. 20-10343 Boy Scouts of America and Delaware BSA, LLC
                Subpoena to Reciprocity Industries, LLC, dated September 10, 2021

Dear Mr. Stamoulis, Mr. Schiavoni and Mr. Shamah:

      We represent Reciprocity Industries, LLC (hereinafter "Reciprocity"). We are in receipt of your Subpoena to Reciprocity dated September 10, 2021, which was served on the same date. Please consider this letter Reciprocity's objection to the Subpoena pursuant to Fed. R. Civ. P. 45(d)(2)(B).

      Reciprocity wishes to resolve this issue short of filing a Motion to Quash in the U.S. District Court for the District of Montana, Billings Division, pursuant to Rule 45(d)(3), which requires challenges to a subpoena to be made in the court where compliance with the subpoena is required.

      As you know, Reciprocity is not a party in the above-referenced litigation. Reciprocity is a Billings, Montana company that provides services including software development, administrative support, website management, call intake, advertising, and marketing. As it relates to your Subpoena, Reciprocity was retained by three law firms, Eisenberg Rothweiler, Kosnoff Law, and AVA Law Group, to provide administrative services for claims being filed in Case No. 20-10343. Given the exceedingly large number of claims, Reciprocity assisted these law firms

**EXHIBIT 2**

September 24, 2021
Page 2

with client intake and data entry. In total, over 15,000 claims were eventually filed by Eisenberg Rothweiler, Kosnoff Law, and AVA Law Group whose clients' data is now contained in Reciprocity's proprietary case management software. Given this background, your Subpoena is objectionable for several reasons.

First, it seeks privileged attorney work product and/or attorney client communications in violation of Rule 45(d)(3)(A)(iii). Under Montana law, the attorney client privilege extends to persons who are appropriate to a consultation. *See e.g. In re Rules of Prof'l Conduct & Insurer Imposed Billing Rules & Procedures,* 2000 MT 110, ¶ 57, 299 Mont. 321, 340, 2 P.3d 806, 818 (recognizing "privileged community or magic circle within which confidential information may be shared without waiver of attorney-client or work product privilege".) This includes Reciprocity. Given the large number of claims, it was necessary for the law firms to retain Reciprocity to facilitate communications. Reciprocity's participation in the correspondence with the law firms' clients, then, was done under the protection of the attorney client privilege. Accordingly, your requests for "All Documents and Communications" concerning Reciprocity' work on this project plainly demands privileged information.

Second, your Subpoena imposes an undue burden on Reciprocity in violation of Rule 45(d)(1). In Montana, "non-party status is a significant factor to be considered" in determining whether a subpoena inflicts undue burden upon its recipient. *Ross v. Brigade Leveraged Cap. Structures Fund, Ltd.,* No. CV 14-95-BLG-SPW, 2014 WL 3854949, at *4 (D. Mont. Aug. 5, 2014) citing *Whitlow v. Martin,* 263 F.R.D. 507, 512 (C.D.Ill.2009). Further, "an evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party," including consideration of "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed.' *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 637 (C.D. Cal. 2005).

It is quite clear from the face of the Subpoena that you did not "take reasonable steps to avoid imposing undue burden or expense" on Reciprocity. Fed. R. Civ. P. 45(d)(1). The Subpoena contains two pages of "Definitions", imposes three pages of "Instructions", and contains three pages with your preferred "Manner of Production". The Subpoena then presents fifteen overly broad requests for production seeking materials "For each [of the over 15,000] Claim Form[s]" and "All Documents" related to various matters concerning Reciprocity's work on this large project. The Subpoena provides a mere fourteen days to comply with these myriad request and instructions yet does not make any arrangements to cover the cost of compliance. To be clear, it would take Reciprocity months to search through the requested information and costs tens of thousands of dollars, time and expense that would be compounded further to the extent Reciprocity had to separate and redact attorney-client privileged materials.

Reciprocity is not a party to your dispute, and it is not clear how this information merits such an extensive burden or why you cannot acquire whatever relevant materials you actually need from the parties that filed claims.

September 24, 2021
Page 3

  Third, the scope of your Subpoena seeks proprietary information which would require the disclosure of a "trade secret or other confidential research, development, or commercial information" in violation of Rule 45(d)(3)(B)(i) and without accommodation under Rule 45(d)(3)(C). Specifically, the Subpoena requires production of "[a]ll Documents and Communications Concerning [Reciprocity's] website, caseopp.com." and "a copy of the contents of the intake system(s) that [Reciprocity] used to log, track, update and otherwise process Claim Forms." Production of all documents and communications concerning Reciprocity's website, and a copy of the contents of Reciprocity's intake system would require Reciprocity to produce propriety business information which is wholly irrelevant to your dispute.

  If you still wish to subpoena information directly from Reciprocity, please send us a revised subpoena complying with Rule 45 for our consideration. Thank you for your attention to this matter. Please feel free to give me a call if you have any questions.

                MOULTON BELLINGHAM PC

                Sincerely,

                Adam J. Tunning