# EXHIBIT 8

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC, | Case No. 20-10343 (LSS) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF ERICH J. SPECKIN

I, Erich J. Speckin, pursuant to 28 U.S.C. § 1746(2), under penalty of perjury, hereby declare as follows

1. I am a forensic document analyst and ink-dating specialist. I am the President of Speckin Forensic Laboratories, a position I have held since 1999. I have performed forensic examination in over 4,000 cases, and have presented expert testimony in 37 different states and 11 different countries. A substantial portion of my examinations involves the analysis of handwriting, including signatures. I have been proficiency-tested by Collaborative Testing Services, the agency that administers tests for government forensic laboratories, every year since 2009. The majority of these tests deal with handwriting and signatures, and some of these tests pertain to machine-copied documents and photocopy damage patterns. I have passed every test.

2. I am frequently invited to speak on the subject of document forensics by various societies of forensic scientists and document examiners. I have published numerous articles and papers on forensic examination, and have authored a chapter in The Encyclopedia of Crime and Punishment pertaining to documents and handwriting. I am a member of the Midwestern Association of Forensic Scientists and the American Society of Testing and Materials (ASTM International).

3. I have been retained by Century Indemnity Company ("Century") in the above-captioned case to examine the handwriting and signatures on the proofs of claim ("POCs") submitted by claimants in the Boy Scouts of America bankruptcy.

4. I have examined POCs submitted in the above-captioned case. As part of my examination, in this or any other case, I take into account all relevant aspects of the document, including but not limited to handwriting analysis and comparison, font, printer type, scanner type, damage patterns from optical reproductions (copies), staple holes, metadata that is present in electronic records, and any other information that can assist in the examination.

5. I have submitted a declaration in the above-captioned case on January 22, 2021. As I indicated in that declaration, my review of the POCs submitted in this matter is ongoing. Since the submission of my January 22, 2021 declaration, I have observed additional irregularities and additional evidence of third party involvement in POC processing and submission.

6. My review of the POCs submitted in this matter remains ongoing, and I may further supplement my analysis based on subsequent review and investigation.

7. **Timothy Kosnoff's digital signatures were created in different locations at roughly the same time.** Timothy Kosnoff submitted hundreds of POCs bearing his digital signature that contain an audit trail for the digital signature. The audit trail includes, among other items, the time the digital signature package is created and sent to the signer, the time it is viewed by the signer, and the time the signature is executed by the signer, as well as the IP address associated with some or all of these actions.

8. I can determine the location associated with each IP address.[1]

---

[1] I use the websites https://whatismyipaddress.com/ip-lookup and https://www.ultratools.com/tools/ipWhoisLookup to determine the location associated with the IP address.

2

9. On November 15, 2020, Kosnoff's digital signature was executed in Palm Springs, CA for at least four different POCs. These signatures were executed between 8:50 am MT and 3:28 pm MT. On the same date, Kosnoff's digital signature was executed in Philadelphia, PA for at least 19 different POCs. These signatures were executed between 10:43 am MT and 4:43 pm MT.

10. On November 16, 2020, Kosnoff's digital signature executed in Palm Springs, CA for at least 25 different POCs. These signatures were executed between 8:41 am MT and 1:42 pm MT. On the same date, Kosnoff's digital signature was executed in Philadelphia, PA for at least nine different POCs. These signatures were executed between 1:12 am MT and 2:42 pm MT.

11. In addition, on November 16, 2020, Kosnoff's digital signature was executed in Los Angeles, CA for at least two different POCs. These signatures were executed between 2:23 pm PT and 2:24 pm MT.

12. In addition to November 16, there are at least two additional days where Kosnoff digital signatures were executed using both a Palm Springs-based IP address and a Los Angeles-based IP address.

13. I infer from the fact that Kosnoff signatures were apparently executed in different cities at similar times that there were multiple people executing Kosnoff's digital signature.

14. The same issue applies to Stewart Eisenberg: his digital signature was executed on the same day in Los Angeles, CA and Philadelphia, PA.

15. **Timothy Kosnoff's digital signatures were created and executed at a pace strongly suggesting the involvement of multiple people.** For example, between 7:01 pm and 8:00 pm MT on November 10, 2020, Kosnoff's digital signature was created or executed 59 separate times, or roughly once per minute. The pace was even faster in the last 10 minutes of

3

that time window: between 7:51 pm and 8:00 pm, Kosnoff's digital signature was created or executed 16 different times.

16. Based on the timing of Kosnoff's digital signatures, I infer that there were multiple people executing Kosnoff's digital signature.

17. **Many of the amended Napoli Shkolnik PLLC POCs have notable differences between the 11-page body of the document and the signature page.** I have reviewed replacement POCs for the previously submitted near-blank POCs submitted by Napoli Shkolnik PLLC. I have observed that many of the signature pages are clearly different from the other pages of the POC (for instance, scanned in at a different angle than the other pages in the POC; have staples holes when other pages in the POC do not, etc.).

18. **I identified additional POCs processed or submitted by Consumer Attorney Marketing Group ("CAMG").** In my January 22, 2021 declaration, I stated that I was able to determine that nearly 500 POCs were submitted through Consumer Attorney Marketing Group ("CAMG") because the submitter email addresses for these POCs had "camginc.com" as the domain name. Based on my subsequent analysis, I was able to identify additional POCs that were processed or submitted by CAMG because the word "CAMG" or "Consumer Attorney Marketing Group" shows up in the footer of the POC signature page, the retention agreement attached to the POC, or the audit trail attached to the POC.

19. Specifically, I was able to identify CAMG as the entity that processed and/or submitted POCs for Brett Bustamante of Napoli Shkolnik PLLC and Joseph Cappelli of Marc Bern & Partners.

20. **I identified Reciprocity Industries ("Reciprocity") as an additional third party that processed and/or submitted POCs in this case.** I identified 41 POCs where "caseopp.com" appears in either the submission email address, the audit trail attached to the

POC, or other pages in the POC or attached to the POC. According to ICANN Lookup, "caseopp.com" is a domain name registered to Reciprocity Industries.

21.     Reciprocity appears to have processed and/or submitted POCs for Abused in Scouting. Other firms appear to have also been involved in generating some of these Abused in Scouting POCs processed or submitted by Reciprocity. Abused in Scouting POCs frequently contain a three-letter code at the bottom of the signature page and/or in the audit trail attached to the POC. These three-letter codes appear to identify other firms involved with the claim. For example, POC # ▇▇▇ contains the code MAS at the bottom of the signature page and in the filename in the audit trail attached to the POC. The name of the firm Morgan & Morgan appears in an email attached to the POC, referring to the claim as a "Morgan & Morgan Referral." Thus, I infer that the code MAS is likely associated with the firm Morgan & Morgan.

22.     I have identified 13 distinct 3-letter firm codes used in these Abused in Scouting POCs that were processed and/or submitted by Reciprocity.

23.     **For some claimants, the claimant signature in the POCs does not match the claimant's signature found in public records.** I have examined the signatures on POCs submitted to Omni by Your Case Managers using the bsa-kl@yourcasemanagers.com email address. There were 1036 such POCs. KL is an abbreviation for Kosnoff Law. The attorney name field on page 4 these POCs states "Stewart J. Eisenberg, Esq. Timothy Kosnoff, Esq. and Andrew Van Arsdale, Esq." Based on the submission email address and the attorney name field, I infer that these POCs were submitted on Timothy Kosnoff's behalf by third party firm Your Case Managers.

24.     I have searched the public records for claimant signatures for the POCs submitted to Omni by Your Case Managers using the bsa-kl@yourcasemanagers.com email address. I looked for these claimants' signatures in publicly available signed documents such as deeds,

mortgages, and liens. I have identified 13 claimants in this set whose signatures are publicly available.

25. As part of my analysis, I confirmed that the claimant matched the individual whose publicly available signature I used for comparison.

26. Of the 13 claimants in this set for whom I have found a publicly available signature, the publicly available claimant signature does not match the claimant signature in the POC in 12 cases. In these 12 instances, it is my opinion that the signature on the POC is probably not the true claimant signature.

27. Attached as **Exhibit 1** a demonstrative comparing the POC signatures and the publicly available signatures for this set of 12 claimants.

28. Attached as **Exhibit 2** is a true and correct copy of the POC for John Doe 1, claim # ▮▮▮▮ bearing the claimant's signature on page 12 of the POC.

29. Attached as **Exhibit 3a** is a true and correct copy of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, bearing the John Doe 1 signature on page 1. Attached as **Exhibit 3b** is a true and correct copy of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, bearing the notarized John Doe 1 signature on page 14.

30. Attached as **Exhibit 4** is a true and correct copy of the POC for John Doe 2, claim # ▮▮▮▮ bearing the claimant's signature on page 12 of the POC.

31. Attached as **Exhibit 5** is a true and correct copy of the  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, bearing the notarized John Doe 2 signature on page 14.

32. Attached as **Exhibit 6** is a true and correct copy of the POC for John Doe 3, claim # ▮▮▮▮ bearing the claimant's signature on page 12 of the POC.

33. Attached as **Exhibit 7** is a true and correct copy of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, bearing the John Doe 3 signature on page 1.

34. Attached as **Exhibit 8** is a true and correct copy of the POC for John Doe 4, claim #▮▮▮▮ bearing the claimant's signature on page 12 of the POC.

35. Attached as **Exhibit 9** is a true and correct copy of a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, bearing the John Doe 4 signature on page 2.

36. Attached as **Exhibit 10** is a true and correct copy of the POC for John Doe 5, claim #▮▮▮▮ bearing the claimant's signature on page 12 of the POC.

37. Attached as **Exhibit 11** is a true and correct copy of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, bearing the John Doe 5 signature on pages 3 and 5.

38. Attached as **Exhibit 12** is a true and correct copy of the POC for John Doe 6, claim #▮▮▮▮ bearing the claimant's signature on page 12 of the POC.

39. Attached as **Exhibit 13** is a true and correct copy of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, bearing the notarized John Doe 6 signature on page 3 of the PDF.

40. Attached as **Exhibit 14** is a true and correct copy of the POC for John Doe 7, claim #▮▮▮▮ bearing the claimant's signature on page 12 of the POC.

41. Attached as **Exhibit 15** is a true and correct copy of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, bearing the notarized John Doe 7 signatures on pages 12, 16, and 19 of the PDF.

42. Attached as **Exhibit 16** is a true and correct copy of the POC for John Doe 8, claim # ▮▮▮▮ bearing the claimant's signature on page 12 of the POC.

43. Attached as **Exhibit 17** is a true and correct copy of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, bearing the John Doe 8 signature on page 6.

44. Attached as **Exhibit 18** is a true and correct copy of the POC for John Doe 9, claim # ▮▮▮▮ bearing the claimant's signature on page 12 of the POC.

45. Attached as **Exhibit 19** is a true and correct copy of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, bearing the notarized John Doe 9 signature on pages 12 and 14 of the PDF.

46. Attached as **Exhibit 20** is a true and correct copy of the POC for John Doe 10, claim # ▮▮▮▮ bearing the claimant's signature on page 12 of the POC.

47. Attached as **Exhibit 21** is a true and correct copy of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, bearing the John Doe 10 signature on page 6 of the PDF.

48. Attached as **Exhibit 22** is a true and correct copy of the POC for John Doe 11, claim # ▮▮▮▮ bearing the claimant's signature on page 12 of the POC.

49. Attached as **Exhibit 23** is a true and correct copy of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, bearing the John Doe 11 signature on page 8 of the PDF.

50. Attached as **Exhibit 24** is a true and correct copy of the POC for John Doe 12, claim # ▮▮▮▮ bearing the claimant's signature on page 12 of the POC.

51. Attached as **Exhibit 25a and 25b** is a true and correct copy of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, bearing the notarized John Doe 12 signature on page 10 (25a) and 7 (25b) of the PDFs.

52. My review of public records is ongoing, and I may identify additional examples as my investigation continues.

53. I respectfully reserve the right to amend, modify, or supplement this Declaration in response to, or as a result of, the filing of any submission in connection with this case, any discovery being conducted in connection therewith, or further analysis of the POCs.

Dated: February 11, 2021
Fort Lauderdale, Florida

_____
Erich J. Speckin

# EXHIBITS 1–25

# (Redacted in Entirety)