# EXHIBIT 10



1105 North Market Street
Suite 901
Wilmington, Delaware 19801

Mailing Address:
P.O. Box 1380
Wilmington, DE 19899-1380

Christopher P. Simon
csimon@crosslaw.com
(302) 777.4200, ext. 102

September 6, 2021

**VIA CM/ECF & HAND DELIVERY**
The Honorable Laurie Selber Silverstein
United States Bankruptcy Court
    for the District of Delaware
824 N. Market Street, 6th Floor
Wilmington, DE 19801

> Re: Boy Scouts of America and Delaware BSA, LLC,
> Bankr. D. Del. Case No. 20-10343 (LSS)

Dear Judge Silverstein:

This firm represents AVA Law Group, Inc. We write in response and objection to the proposed *Order Granting In Part Insurers' Motion for an Order Authorizing Certain Rule 2004 Discovery* [D.I. No. 6162-1] filed under certification of counsel [D.I. No. 6162] on September 3, 2021.

As very brief background, on January 22, 2021, Century Indemnity Company and Hartford Accident and Indemnity Company filed *Insurers' Motion for an Order Authorizing Rule 2004 Discovery of Certain Proofs of Claim* (the "Motion") [D.I. No. 1975]. By the Motion, Century and Hartford sought discovery from four third parties specifically identified in Exhibit C to the Motion: Versus Claims Service LLC, Consumer Attorney Marketing Group, Archer Systems, and Stratos Legal. Motion pp. 42-43; Exhibit C.

On February 11, 2021, Century and Hartford filed a *reply* brief (the "Reply") in support of the Motion [D.I. No. 2180].[1] In the Reply, for the first time, movants mentioned, "Reciprocity Industries, LLC" ("Reciprocity"), and stated that it is owned by Andrew Van Arsdale, of AVA Law Group, Inc. However, Movants do not allege that Mr. Van Arsdale signed any proofs of

---

[1] The Reply was subject to motion to strike [D.I. No. 2204] filed by [parties], because it raised new arguments, issues and materials for the first time on reply. *See In re Catholic Diocese of Wilmington, Inc.*, 427 B.R. 488, 492 n.19 (Bankr. D. Del. 2010) (finding that because the defendants raised the offending issue for the first time in the reply brief, the Court did not consider the issue); *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1993) ("An issue is waived unless a party raises it in its opening brief…."); *In re Cruz*, 2020 WL 3167799, at *2 (Bankr. S.D. Tex. June 12, 2020) (finding that the movant's motion to strike arguments raised for the first time in a reply brief was a proper procedural vehicle).

Case 20-10343-LSS    Doc 6166    Filed 09/06/21    Page 2 of 2
Case 1:21-mc-00011-SPW-TJC    Document 10-10    Filed 11/15/21    Page 3 of 3

THE HONORABLE LAURIE SELBER SILVERSTEIN
SEPTEMBER 6, 2021
PAGE 2 OF 2

claim, or that Reciprocity is owned or controlled by any of the entities identified in Exhibit C to the Motion.

Because it was not identified in the Motion, Reciprocity did not file an objection to the Motion, nor did it participate in briefing on the Motion.

At a hearing on August 30, 2021, Your Honor granted the Motion, to "permit the deposition of the aggregators that were listed in that particular motion." (Hrg. Tr. p. 46: 12-13). Notwithstanding that the Motion was specific to parties identified in the Motion, which did not include Reciprocity, and the Court's ruling on August 30, 2021 that is specific to the parties identified in the Motion, the proposed *Order Granting In Part Insurers' Motion For An Order Authorizing Certain Rule 2004 Discovery* filed under certification of counsel on September 3, 2021 [D.I. No. 6162-1], specifically identifies Reciprocity as a party from whom Century and Hartford are entitled to take discovery pursuant to Bankruptcy Rule 2004.

AVA Law Group, LLC objects to the proposed form of Order because it specifically authorizes discovery from Reciprocity, even though the Motion sought no such thing. Again, Reciprocity is not a party identified in the Motion, Reciprocity is not a party which movants ever properly noticed of their intended request for relief, Reciprocity never participated in briefing on the Motion, and counsel for the movants never consulted with Reciprocity on the form of order filed with the Court prior to, or after its filing. Indeed, the Certification of Counsel filed on September 3, 2021 [D.I. No. 6162] represents that it is acceptable to "the parties," however Reciprocity never reviewed it prior to its filing, nor did it ever consent to its entry.

For the reasons set forth above, AVA Law Group, LLC respectfully requests that the Court reject the proposed *Order Granting In Part Insurers' Motion for an Order Authorizing Certain Rule 2004 Discovery* filed on September 3, 2021 [D.I. No. 6162-1].

Counsel is available if the Court has any questions or concerns.

Respectfully Submitted,

*/s/ Christopher P. Simon*

Christopher P. Simon (No. 3697)


cc:     All Interested Parties via CM/ECF