# EXHIBIT 16



**PAUL L. STARITA**
Trial Attorney
*Email:* pstarita@thegomezfirm.com

October 15, 2021

<u>**Via Email**</u>
Stamatios Stamoulis
800 N. West Street, Third Floor
Wilmington, DE 19801
stamoulis@swdelaw.com

> RE:    **Case No. 20-10343 Boy Scouts of America and Delaware BSA, LLC**
> **Subpoenas to Andrew Van Arsdale and AVA Law Group, dated October 4,**
> **2021**

Dear Mr. Stamoulis,

We represent Mr. Andrew Van Arsdale and AVA Law Group ("AVA") regarding his receipt of your subpoenas dated October 4, 2021. As Mr. Van Arsdale is the principal for AVA, we consider the subpoenas to Mr. Van Arsdale to be redundant with the subpoenas to AVA. Nonetheless, this letter is Mr. Van Arsdale and AVA's objection to the subpoenas pursuant to Fed. R. Civ. P. 45(d)(2)(B).

Mr. Van Arsdale wishes to resolve this issue short of filing a Motion to Quash in the United States District Court for the Southern District of California, pursuant to Rule 45(d)(3). Rule 45 requires that challenges to a subpoena be made in the federal district court where compliance with the subpoena is required.

As you know, Mr. Van Arsdale and AVA are not parties in the above-referenced bankruptcy matter. Mr. Van Arsdale merely represents claimants in the matter. As it relates to your subpoenas, Mr. Van Arsdale and his firm, AVA, along with Eisenberg Rothweiler and Kosnoff Law represent approximately 15,000 claimants regarding claims filed in Case No. 20-10343. As such, we believe that your subpoenas are inappropriate, and we object to them as outlined below.

First, the subpoenas seek information that is protected by the attorney-client privilege, the attorney work product doctrine, and the common interest privilege. Having reviewed the subpoenas' "definitions" section, the "instructions" section, and the eleven "requests for production," you are clearly seeking information that is protected by these well-recognized privileges. Rule 45(d)(3)(A)(iii) specifically commands a federal district court to quash or modify any subpoena that seeks such protected information.

October 15, 2021
Page 2

Next, your subpoenas impose an undue burden on Mr. Van Arsdale and AVA in violation of Rule 45(d)(1). "'[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs' in a Rule 45 inquiry. [Citations omitted]." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014). Further, "an evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party," including consideration of "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 637 (C.D. Cal. 2005).

Given the depth and breadth of the information sought, you did not "take reasonable steps to avoid imposing undue burden or expense" on Mr. Van Arsdale and AVA. Fed. R. Civ. P. 45(d)(1). The subpoenas contain almost four pages of "definitions," about four pages of "instructions," and three pages outlining the "manner of production." Also, the subpoenas make 11 overly broad "requests for production." In each request, you are seeking "all communications or documents" or some combination thereof related to at least 11 different areas of inquiry. The subpoenas demand production within 14 days. Frankly, it is hard to believe that you seriously expect compliance given the depth and breadth of these requests and the short compliance period. You must realize that it would take several months to search for the documents, examine them for privilege, prepare them for production, and then produce them. The burden combined with the expense that would be incurred in such a production is patently unreasonable.

Lastly, your subpoenas seeking to depose Mr. Van Arsdale are objectionable because you have not demonstrated that: "'(1) no other means exist to obtain the information than to depose opposing counsel, [ ]; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.' [Citation omitted]." *In Re Hahn*, 2021 WL 4081577, *2 (S.D. Cal., 21-cv-1164-WQH-AHG, ECF No. 17). Again, Mr. Van Arsdale is counsel for claimants, and has not signed a single proof of claim form on behalf of any of the claimants he represents. Why are you not seeking relevant information from the parties that signed proof of claim forms in the bankruptcy matter, Case No. 20-10343?

Mr. Van Arsdale is willing to work with you on providing a reasonable amount of relevant information. We can do this informally or you can send us a revised subpoena that complies with Rule 45. If you chose to send a revised subpoena, we would request that you send it to Mr. Van Arsdale as the principal for AVA. It is not necessary to send four separate subpoenas. If you have any questions regarding this letter, please feel free to email or call me any time.

Very truly yours,

GOMEZ TRIAL ATTORNEYS

Paul L. Starita