# EXHIBIT 18

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOY SCOUTS OF AMERICA AND | ) | Case No. 20-10343 (LSS) |
| DELAWARE BSA, LLC, | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | **Related Docket Nos. [  1** |

**MOTION OF MARC J. BERN & PARTNERS LLC TO QUASH SUBPOENA
TO PRODUCE DOCUMENTS ISSUED TO KLS LEGAL SOLUTIONS, LLC**

Marc J. Bern & Partners, LLP ("Bern & Partners"), by and through its undersigned counsel, move this Honorable Court (the "Motion") for the entry of an Order quashing the *Subpoenas to Produce Documents In a Bankruptcy Case* issued by Century Indemnity Company ("Century") to KLS Legal Solutions, LLC (the "KLS Subpoena")(*See Notice of Subpoena to Produce Documents Pursuant to Federal Rules of Civil Procedures 34 and 35*, D.I. 6346, filed 9/22/21). In support of its Motion to Quash, Bern & Partners respectfully states as follows:

**Relevant Facts**

1.    On January 22, 2021, Century filed motions under Bankruptcy Rule 2004 seeking discovery from certain claimants, law firms and other third parties (the "2004 Motions", D.I. 1974, 1975). Bern & Partners was one of the law firms identified in the 2004 Motions as a target for discovery. With respect to law firms, the 2004 Motion sought limited deposition and document discovery from plaintiff's attorneys who signed (a) 200 or more proofs of claim in a single day, or (b) 500 or more proofs of claim overall. [D.I. 1975, p. 4]. The Motion indicated that Joseph Cappelli's electronic signature had been applied to 635 claims that were filed on behalf of claimants that are clients of Bern & Partners, including 625 on November 14, 2020. *Id.*

---

[1]  The Debtors in these chapter 11 cases, together with the last four digits of Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

at 10.  The 2004 Motions generally asserted that this investigation into abuses in the proofs of claim and the elimination of improper claims would benefit all parties in the case.  *Id*. at 4.

2.      Bern & Partners filed an objection to the 2004 Motion directed to law firms. [the "2004 Objection", D.I. 2102, filed February 5, 2021].  With respect to the claim forms signed by Mr. Cappelli, the 2004 Objection stated: "[t]he firm's practice was to send the final version of each claim to their respective client for signature before filing it, but if the client did not timely return the signature page, the firm submitted the prepared claim with an attorney signature.  Of the 635 claims signed by Mr. Cappelli, 155 were amended following the bar date to include the signature page when it was eventually received from the client. This amendment process is ongoing."  2004 Objection, ¶3.

3.       The Court took the Rule 2004 Motions under advisement following the hearing on February 17, 2021.

4.      On August 30, 2021, the Court held a conference on pending discovery motions and indicated that of the discovery sought under the 2004 Motions, the Court was authorizing discovery to go forward as against claims aggregators.

5.      The Court entered an order on September 9, 2021 [D.I. 6184] identifying four entities that were identified as aggregators in the 2004 Motion as third parties upon whom discovery could be served.  No law firms were included on this list of permitted entities included in paragraph two of the Order, and neither KLS Legal Solutions, LLC ("KLS") nor the Bern & Partners is identified in the Order.

6.      Nevertheless, on September 14, 2021, Century's Delaware counsel signed a subpoena seeking the production of documents from KLS.  A Notice of Subpoena was filed on September 22, 2021[. D.I. 6346].

7.      KLS provides contract paralegal and legal assistant services to the Bern & Partners as independent contractors.  The KLS employees providing these services are physically located in the offices of Bern & Partners and work exclusively for Bern & Partners.

8.      KLS began providing contract paralegal and legal assistant services to Bern & Partners in July 2017.  KLS employees assisted Bern & Partners in preparing and uploading proofs of claim in the Boy Scouts case.

9.      Bern & Partners prepared and submitted 5,911 claims to Omni Consulting, the Debtors claims agent, on behalf of their clients who retained them as their attorneys in this case. Mr. Cappelli signed 635 of those claims when Bern & Partners did not receive an executed signature page from the client for those claims prior to the bar date.

10.     Of those 635 claims, Bern & Partners directed the filing of 387 amended claims once the executed signature page was received from the client.  It has also withdrawn 245 claims for which no executed signature page was subsequently received.   There are three claims remaining which were signed by Mr. Cappelli: one in which the claimant has died, and two in which the claimant has indicated that the signature page has been executed and returned, but it has not yet been received by Bern & Partners.

11.     The KLS Subpoena seeks, *inter alia*, the following documents from KLS:

1.      Request No. 1. A copy of each claim which KLS prepared or submitted to Omni in native format, along with associated metadata.

2.      Request No. 2.  A copy of the original claim file and the signature page for each claim for which KLS provided services in these cases.

3.      Request No. 5.  All documents providing instructions or processes and procedures for work performed in these cases.

3

4.       <u>Request No. 9.</u>   All documents and communications concerning the claim forms submitted by KLS to Omni in this case, including the 625 claims signed by Mr. Cappelli on November 14, 2020.

5.       <u>Request No. 10</u>.   All documents and communications concerning the claim forms submitted by KLS to Omni for the 150 subsequently amended claim forms bearing the signatures of the named claimants.

6.       <u>Request No. 11.</u>   All documents and communications concerning the claim forms submitted by KLS to Omni for the 500 claim forms bearing the identical signature of Mr. Cappelli.

7.       <u>Request No. 15.</u>   A copy of the contents of the intake system(s) that KLS used to log, track, update and otherwise process Claim Forms, including but not limited to all metadata or other data concerning the intake systems.

12.       On September 27, 2021, undersigned counsel sent an e-mail to counsel for Century indicating that Bern & Partners intended to file a motion to quash the KLS Subpoena but was available to discuss the matter further.   No response was received.

13.       Accordingly, by this Motion, Bern & Partners seeks to quash the KLS Subpoena.

**<u>Objection</u>**

14.       Rule 45(d)(3) of the Federal Rules of Civil Procedures, made applicable to this proceeding pursuant to Rule 9016 of the Federal Rules of Bankruptcy Procedure, provides that, on timely motion, a court must modify or quash a subpoena that requires disclosure of privileged or other protected matter.   The KLS Subpoena must be quashed because it seeks material that is plainly covered by the Attorney Client privilege.   Each of the claimants who retained Bern & Partners to prepare a proof of claim has the benefit of the attorney client privilege with respect to the information provided to its counsel.   *See e.g. Cottillion v. United Ref. Co.*, 279 F.R.D. 290, 299 (W.D. Pa. 2011)(the attorney client privilege applies to communications made "for the purpose of obtaining or providing legal advice.")   That privilege extends to persons employed by

4

their counsel to assist with the preparation of the claims, including employees of KLS. Protection of the attorney client privilege is fundamental to the legal process. Century can provide no basis as to why documents or information regarding the preparation of claims exchanged between Bern & Partners and employees of KLS who work in the Bern & Partners Pennsylvania office somehow fall outside of the attorney client privilege.

15.     Through the document requests attached to the KLS Subpoena, Century seeks nothing less than to rummage through Bern & Partners' client files in this case. Requests No. 7 and 9 seek all documents and communications regarding the 5,911 claim forms that KLS uploaded for Bern & Partners' clients, while Requests 10 and 11 seek documents and communications relating to subsets of these claim forms. Request 15 seeks the intake system and tracking log for claims submitted by Bern & Partners' clients. Request No. 5 seeks documents regarding the internal processes and procedures for preparing claim forms for Bern & Partners' clients. All of this information sought is protected by the attorney client privilege and the work product doctrine and no waiver or exception to those privileges has been triggered.

16.     Century must also demonstrate the relevance of the material being sought by the KLS Subpoena, and that it is not otherwise protectable. *See In re Domestic Drywall Antitrust Litigation*, 300 F.R.D. 234, (E.D. Pa. 2014) ["'The serve-and-volley of the federal discovery rules govern the resolution of a motion to quash. Mycogen Plant Sci., Inc. v. Monsanto Co., 164 F.R.D. 623, 625 (E.D. Pa. 1996). The subpoenaing party must first show that its requests are relevant to its claims or defenses, within the meaning of Federal Rule of Civil 26(b)(1).'"]; *see also St. John v. Napolitano,* 274 F.R.D. 12, 15 (D.D.C.2011) ["When confronted with a discovery demand to which an objection has been made, the Court must first ascertain whether there is a reasonable likelihood or possibility that the information sought may be relevant to a claim or defense or likely to lead to such evidence."].

17.     Century's blanket requests set forth in the KLS Legal Solutions Subpoena do not satisfy this initial inquiry.  For all but three claims, the claimants represented by Bern & Partners have either signed the proof of claim or that proof of claim has been withdrawn.  Discovery directed at attorney-signed claims and the process by which such claims were prepared has no bearing on the validity of these claims.  Moreover, Century's subpoena was not authorized by the Court's order permitting certain discovery sought by Century pursuant to Bankruptcy Rule 2004 and is not otherwise relevant to any pending contested matter.

18.     Accordingly, the subpoenas should be quashed in their entirety.

## Conclusion

WHEREFORE, Plaintiffs respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto, quashing the KLS Legal Solutions Subpoena and granting such other and further relief and the Court deems just and proper.

Date:   September 27, 2021
        Wilmington, DE                        **SULLIVAN · HAZELTINE · ALLINSON LLC**


                                             */s/  William D. Sullivan*
                                             William D. Sullivan (No. 2820)
                                             William A. Hazeltine (No. 3294)
                                             919 North Market Street, Suite 420
                                             Wilmington, DE 19801
                                             Tel: (302) 428-8191
                                             Fax: (302) 428-8195
                                             Email: bsullivan@sha-llc.com
                                                    whazeltine@sha-llc.com

                                             *Attorneys for Marc J. Bern & Partners LLP*