Adam J. Tunning
Katherine E. Antonson
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P. O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Fax: (406) 248-7889
Adam.Tunning@moultonbellingham.com
Kat.Antonson@moultonbellingham.com

Attorneys for Reciprocity Industries, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| Reciprocity Industries, LLC,<br><br>                                    Plaintiff,<br><br>        -vs-<br><br>Century Indemnity Company,<br><br>                                    Defendant. | Case No. 21-00011<br><br>**RECIPROCITY INDUSTRIES, LLC'S COMBINED BRIEF IN SUPPORT OF MOTION FOR EXTENSION AND IN OPPOSITION TO CENTURY'S MOTION TO EXPEDITE** |

## Introduction

Reciprocity Industries, LLC ("Reciprocity"), through counsel, files the following Combined Brief in Support of its Motion for Extension of Time and Brief in Opposition to Century's Motion for Entry of an Order Shortening the Notice and

Objection Period for Century's Emergency Motion to Transfer Reciprocity Industries, LLC's Motion to Quash Subpoena to the Bankruptcy Court for the District Of Delaware (Dkt. 8 "Century's Motion to Expedite").

Reciprocity seeks a mere one-week extension of time to file its (1) Response in Opposition to Century's Motion to Transfer Reciprocity Industries, LLC's Motion to Quash Century's Subpoena To The Bankruptcy Court for the District of Delaware ("Century's Motion to Transfer") and (2) Reply in Support of Motion to Quash. Reciprocity also seeks an Order denying Century's Motion to Expedite.

There is good cause to deny Century's Motion to Transfer and grant Reciprocity's Motion to Quash. The Court should allow a reasonable time for Reciprocity to respond to these issues.

## Background

On September 10, 2021, Century Indemnity Company ("Century") served Reciprocity with a Subpoena Duces Tecum out of Delaware Bankruptcy Court in a case involving thousands of abuse claims against the Boy Scouts of America. On September 24, 2021, Reciprocity wrote to Century, timely objecting to the Subpoena and inviting Century to reissue a new subpoena complying with the Federal Rules of Civil Procedure. On October 4, 2021, Century responded, ignoring Reciprocity's objections and demanding Reciprocity's "full and complete compliance with the [original] subpoena" by October 11, 2021 or it would move to compel production in

"Delaware" thousands of miles away from Reciprocity's domicile. (Dkt. 2-2 and 2-3.)

On October 8, 2021, Reciprocity filed its Motion to Quash Subpoena in this Court. Century then requested a 30-day extension to respond to Reciprocity's Motion to Quash, which Reciprocity agreed to, and this Court granted. On November 15, 2021, Century filed its Response to the Motion to Quash, a Motion to Transfer to Delaware, and an Emergency Motion to expedite the process and shorten Reciprocity's time to respond.

## **Argument**

This Court should grant Reciprocity's Motion for Extension to respond to the substantive issues and deny Century's Motion to Expedite for the following reasons:

1. Century's underlying Motion to Transfer and Brief in Opposition to Motion to Quash are meritless. The subpoena plainly imposes an undue burden on Reciprocity in violation of Fed. R. Civ. P. 45(d)(1); does not allow Reciprocity a reasonable amount of time to comply in violation of Fed. R. Civ. P. 45(d)(3)(A)(i); seeks privileged attorney work product and attorney client communications in violation of Fed. R. Civ. P. 45(d)(3)(A)(iii); and seeks proprietary information which would require the disclosure of a "trade secret or other confidential research, development, or commercial information" in violation of Fed. R. Civ. P. 45(d)(3)(B)(i).

2. The subpoenaed documents could more quickly and less burdensomely be obtained from parties, or their attorneys, to the Delaware litigation itself. Century's Subpoena and Motion to Transfer is transparently a derivative attack against those parties and their attorneys. This is not Reciprocity's fight and it should not be exposed to such a significant and undue burden.

3. Century merely argues that the Delaware Court determined it has jurisdiction over Timothy Kosnoff, one of the attorneys for the Boy Scout Claimants, and therefore this Court should deem the Delaware Court as having personal jurisdiction over Andrew Van Arsdale, and since Mr. Van Arsdale is a member of Reciprocity, Reciprocity should be pulled into Delaware Court. This straw man of a straw man argument should not be rewarded. Reciprocity is a Montana Company through and through – it is based in Montana, its only office is located in Montana, and virtually all of its employees are located in Montana. Reciprocity should not be subjected to an expedited process by which it may be thrust into court thousands of miles away. If Century wishes to obtain discovery from Mr. Kosnoff, Mr. Van Arsdale, or any of their clients, dragging Reciprocity into Court in Delaware and exposing it to an unreasonable subpoena is not the appropriate avenue by which to do so.

4. The subpoenaed documents could have been obtained without Court intervention if Century would have met and conferred with Reciprocity regarding its

concerns. Instead, Century failed to propose a single change to the Subpoena and threatened an unlawful motion to compel in Delaware. To date, Century has refused to lessen the burden of its original subpoena in any way, shape, or form. If Century had simply made an effort to tailor its overbroad, irrelevant, and extremely burdensome discovery requests, Century could have resolved their self-manufactured "emergency" long ago.

5. Further, this matter could have been resolved quicker had Century not requested a 30-day extension of its own to respond to Reciprocity's Motion to Quash. Instead, Century requested a 30-day extension and took every day of that extension to file a Response, a Motion to Expedite, and a Motion to Transfer. Now, Century demands Reciprocity respond to all of these filings in a mere fourteen days on the Monday after the Thanksgiving weekend. Century just continues to pile its self-imposed burden on Reciprocity.

6. In short, Century created its own emergency by failing to obtain its discovery from parties to the litigation, by failing to reasonably tailor its requests, and by requesting a month-long extension in this case which it is now in an extreme rush to resolve.

7. Reciprocity deserves a reasonable amount of time to respond to Century's filings which seek to impose significant burdens on a Montana company.

8.  For these reasons, Reciprocity respectfully requests this Court deny Century's Motion to Expedite and grant Reciprocity's request for an additional week to file its responsive documents

DATED this 19th day of November, 2021.

          MOULTON BELLINGHAM PC

          By: ___/s/ Adam J. Tunning_____
               ADAM J. TUNNING
               KATHERINE E. ANTONSON

          *Attorneys for Reciprocity Industries, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was duly served upon the following via CM/ECF on this 19th day of November, 2021.

MATTHEW M. HIBBS
ROBERT C. GRIFFIN
Crowley Fleck PLLP
1915 South 19th Avenue
Bozeman, MT 59718
Main: 406.556.1430
Fax: 406.556.1433

          _____/s/ Adam J. Tunning_____
          Adam J. Tunning
          Katherine E. Antonson

## CERTIFICATE OF COMPLIANCE

      Pursuant to Local Rule 7.1(d)(2)(e), I certify that this document is printed text typeface of 14 points; is double spaced; and the word count calculated by Microsoft Word is 941 excluding the Caption, Signature Line, and Certificate of Compliance.

By: ____*/s/ Adam J. Tunning*_____
          Adam J. Tunning
          Katherine E. Antonson